# FAYETTE COUNTY,

## September Term, 1792.

### RICHARD WALLER *v.* JONATHAN HILL.

THIS was an action of covenant. *Waller* had ſold to *Hill* 600 acres of land in *Waſhington* county, to be paid for in whiſky ; and for the failure of payment, this action was brought. *Waller* had bought this land from one *Hawkins* ; but had no title to more than 100 or 200 acres ; the title to all the lands round it being in other perſons, and among others, in *James Stephenſon*, to whom, by a conveyance duly recorded, the ſame *Hawkins* ſold. *Waller's* conveyance from *Hawkins* was not recorded.

*Woods*, for the defendant. *Waller's* conveyance from *Hawkins*, not being recorded, is void as againſt *Stephenſon's* conveyance from *Hawkins*.

*Bradford*, for the plaintiff. The act of aſſembly, for recording deeds, extends only to legal titles. The title of *Hawkins* was only equitable, an improvement claim.

PRESIDENT. As improvement claims paſs from one to another, for valuable conſiderations, the ſame inconvenience, and danger from frauds, would ariſe, from keeping ſuch conveyances concealed, as from concealing conveyances from ſtrict titles.

If the land ſold by *Waller* to *Hill*, was the ſame ſold

by *Hawkins* to *Stephenson*, and *Stephenson* had not notice of the previous fale to *Waller*; *Stephenson's* title was good, at the time of the fale to *Hill*; and, for fo much, there was no confideration. But if not, and if *Hill* has got the land, or might have got it; he muft pay for it, or for fo much as he has got, or might have got.

There was a verdict for the defendant. The plaintiff had formerly recovered part of the price.